**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HOLLY S.,[1]

                              Plaintiff,                    3:23-cv-992 (BKS/MJK)

v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman
United States Attorney
Kathryn Pollack
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

I.      **INTRODUCTION**

        Plaintiff Holly S. filed this action under 42 U.S.C. § 405(g) seeking review of a decision

by the Commissioner of Social Security denying Plaintiff's application for disability insurance

benefits. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Mitchell J.

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Katz for a Report-Recommendation. (Dkt. No. 11); N.D.N.Y. L.R. 72.3(e). On October 2, 2024,

after reviewing the parties' briefs and the Administrative Record,[2] (Dkt. Nos. 12, 15, 19, 20),

Magistrate Judge Katz issued a Report-Recommendation recommending that Plaintiff's motion

for judgment on the pleadings be denied, that the Commissioner's motion for judgment on the

pleadings be granted, that the decision of the Commissioner be affirmed, and that Plaintiff's

complaint be dismissed. (Dkt. No. 21). Plaintiff timely filed objections to the Report-

Recommendation and the Commissioner responded. (Dkt. Nos. 22, 23). For the following

reasons, the Court adopts the Report-Recommendation as modified and upholds the decision of

the Commissioner.

## II.    STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and

recommendations that have been properly preserved with a specific objection. *Petersen v.

Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)(2) and 28 U.S.C.

§ 636(b)(1)(C)). "A proper objection is one that identifies the specific portions of the [Report-

Recommendation] that the objector asserts are erroneous and provides a basis for this assertion."

*Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted).

Properly raised objections "must be specific and clearly aimed at particular findings" in the

report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

Findings and recommendations as to which there was no properly preserved objection are

reviewed for clear error. *See Kruger*, 976 F. Supp. 2d at 296. To the extent a party makes

"merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 12), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

the same arguments set forth in the original" submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.    DISCUSSION

### A.    Objections to the Report-Recommendation

Plaintiff has not raised any objections to the procedural background, legal standards, summary of the ALJ's decision, and description of the relevant medical evidence set forth in the Report-Recommendation. (*See* Dkt. No. 21, at 2–6, 7–9). The Court therefore adopts Magistrate Judge Katz's summary of the relevant background and applicable law and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Kruger*, 976 F. Supp. 2d at 296.

However, Plaintiff objects to Magistrate Judge Katz's recommendation to "affirm the ALJ's rejection of the treating physician's opinion as supported by reasoning which the ALJ never endorsed," arguing that the Report-Recommendation consisted of a "*post hoc* justification on the ALJ's behalf." (Dkt. No. 22, at 1–2). The Commissioner disagrees with Plaintiff's assessment, arguing that the Report-Recommendation's analysis is "entirely correct." (Dkt. No. 23, at 3).

In reviewing a disability determination, "the courts are not permitted to 'affirm an administrative action on grounds different from those considered by the agency.'" *Burgess v. Astrue*, 537 F.3d 117, 131 (2d Cir. 2008) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)); *see also Petersen*, 2 F. Supp. 3d at 234 ("[T]his Court may not 'create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not

apparent from the Commissioner's decision itself.'" (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005))).

Magistrate Judge Katz's Report-Recommendation discusses the factors the ALJ considered in deciding to give a portion of Dr. Touchstone's opinion less than controlling weight, including that "Dr. Touchstone's opinion for marked limitations was not supported by the provider's own treatment notes," and inconsistencies between Dr. Touchstone's opinion and "the record as a whole." (Dkt. No. 21, at 12–13). But the Report-Recommendation also states that the ALJ "referred to the opinion of Dr. Kamin," (*id.* at 13; *see also id.* at 18 (concluding the ALJ "reasonably found Dr. Touchstone's opinion for marked limitations with respect to attendance to be inconsistent with his treatment notes and other medical and non-medical evidence of record, including the opinions of Dr. Slowik and Dr. Kamin . . .")), even though the ALJ did not refer to Dr. Kamin's opinion at all in her explanation for why she gave the relevant portion of Dr. Touchstone's opinion less than controlling weight, (*see* R. 657).

Additionally, Plaintiff argues that the Report-Recommendation "seems to suggest that Dr. Touchstone's opinion is unsupported by reliable medical techniques, and that therefore the facts of this case are distinguishable from *Robinson* [*v. Comm'r of Soc. Sec.*] and the treating physician's opinion less reliable." (Dkt. No. 22, at 3 (citing Dkt. No. 21, at 15–16)). The Court agrees that the referenced section suggests Dr. Touchstone's opinion is less reliable due to his "failure on this record to include any evidence as support for his restrictive limitations for attendance." (Dkt. No. 21, at 16). But here too, Dr. Touchstone's inclusion of evidence for his opinions or lack thereof was not a reason the ALJ considered in her determination of whether to afford the opinion controlling weight. (*See* R. 657).

Accordingly, the Court agrees with Plaintiff that the Report-Recommendation improperly justifies the ALJ's decision based on reasons that the ALJ did not consider. The Court does not adopt this portion of the Report-Recommendation, and the Court reviews the ALJ's application of the treating physician rule de novo.

### B.    ALJ's Application of the Treating Physician Rule

For claims filed prior to March 27, 2017, as is the case here, medical opinion evidence is evaluated pursuant to the treating physician rule. *See Sylvester v. Comm'r of Soc. Sec.*, 692 F. Supp. 3d 46, 51 (E.D.N.Y. 2023) (citing *Crowell v. Comm'r*, 705 F. App'x 34, 35 (2d Cir. 2017)); 20 C.F.R. § 404.1527. "The treating physician rule, as its name connotes, states that the medical opinion of a claimant's treating physician must be given 'controlling weight' if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" *Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)); *see also* 20 C.F.R. § 404.1527(c)(2). "[I]f the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give it. In doing so, it must 'explicitly consider' the following, nonexclusive '*Burgess* factors': '(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.'" *Estrella*, 925 F.3d at 95–96 (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam)).[3] "[T]he ALJ must 'give good reasons in [its] notice of determination or decision for the weight [it gives the] treating source's [medical] opinion." *Id.* at 96 (quoting

---

[3] Plaintiff does not argue that the ALJ improperly applied the *Burgess* factors, and so the Court does not address this issue further. (*See generally* Dkt. No. 22).

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam)); *see also* 20 C.F.R. §

404.1527(c)(2).

Here, the ALJ declined to give controlling weight to a portion of Dr. Touchstone's

opinion which found that Plaintiff "had 'marked' limitations for maintaining attention and

concentration for extended periods, completing a normal workweek without interruptions from

psychologically based symptoms, and traveling in unfamiliar places or using public

transportation" and "estimated that [Plaintiff] would be absent from work an average of three

times per month" because the ALJ did "not find them supported by evidence from the relevant

period." (R. 657). The ALJ explained:

> Dr. Touchstone consistently found [Plaintiff's] attention,
> concentration, and memory skills to be intact, and Dr. Slowik found
> them only "mildly" impaired. [Plaintiff] indicated in her function
> report that she had no problems paying attention, following
> instructions, or completing tasks. She also claimed she performed
> all personal care tasks; cooked, cleaned, and did laundry without
> assistance; helped take care of pets; shopped in stores with her
> husband and daughter; helped her daughter with homework; handled
> money; and spent at least some time crocheting, swimming, and
> walking in her yard. [Plaintiff] testified in November 2018 that she
> attended appointments, drove, planned to attend her daughter's
> upcoming school music concert, liked to watch television shows,
> such as NCI, NCIS, and Law and Order, and had no trouble
> understanding or following directions, comprehending what she
> read or wrote, or performing basic math.

(*Id.* (internal citations omitted)). The ALJ then stated that "[t]hese clinical findings and reported

activities and abilities do not support and are not consistent with 'marked' limitations in the areas

Dr. Touchstone identified," "[n]or do they support Dr. Touchstone's opinion regarding

[Plaintiff's] ability to maintain attendance." (*Id.*). She also added that "[i]n addition to her many

personal activities, [Plaintiff's] medical records show she was consistently able to timely attend

her scheduled appointments." (*Id.*).

The Court finds that "the ALJ's decision not to give controlling weight to [Dr. Touchstone's] opinion under the 'treating physician' rule was proper considering the substantial evidence contradicting [Dr. Touchstone's assessment]." *Monroe v. Comm'r of Soc. Sec.*, 676 Fed. App'x 5, 7 (2d Cir. 2017) (summary order). "The ALJ comprehensively explained her reasons for discounting" Dr. Touchstone's opinion and "in so doing, she complied with the dictates of the treating physician rule." *Id.* at 8 (citing *Burgess*, 537 F.3d at 129).

Plaintiff objects to the ALJ's assessment of Dr. Touchstone's opinion on the basis that "the record does not contain any medical opinion which contradicts Dr. Touchstone's." (Dkt. No. 22, at 2 (citation omitted)). This argument is unavailing. First, the ALJ explicitly cited medical findings of Dr. Slowik that did not support Dr. Touchstone's assessment of Plaintiff's attention, memory, and concentration skills, as part of her justification for finding Dr. Touchstone's opinion inconsistent with other record evidence. (*See* R. 657). Second, even assuming Dr. Touchstone's opinion was entirely uncontradicted, as the Commissioner correctly explains, "the Second Circuit has expressly rejected . . . similar arguments that an ALJ was required to adopt 'uncontradicted' medical opinions regarding ability to stay on task and maintain regular attendance where the ALJ's evaluation of those physicians' opinions was supported." (Dkt. No. 23, at 4 (citing *Smith v. Berryhill*, 740 F. App'x 721 (2d Cir. 2018) (summary order))). In *Smith*, the court stated in response to the plaintiff's argument that "no physician contradict[ed] the opinions of [the plaintiff's] three treating physicians as to his ability to stay on task and maintain regular attendance," that "the ALJ was not required to identify evidence explicitly rebutting the opinions of [the plaintiff's] treating physicians before discounting or rejecting them." *Id.* at 725–26 (citing *Halloran*, 362 F.3d at 32). Instead, it was sufficient that "[t]he ALJ deemed aspects of the treating physicians' opinions critically flawed and found that the opinions were inconsistent

with other substantial evidence." *Id.* at 726 (citing *Rosa v. Callahan*, 168 F.3d 72, 78–79 (2d Cir. 1999)). In explaining why a portion of Dr. Touchstone's opinion was contrary to his own clinical findings and in conflict with Plaintiff's self-reported activities and abilities, (*see* R. 657), the ALJ's decision was likewise sufficient here.[4]

Plaintiff also argues in her objections that the ALJ's determination is flawed because the ALJ failed to explain how Dr. Touchstone's opinion was contradicted by his own clinical findings and that the ALJ improperly substituted her own lay opinion of the medical evidence for that of the treating physician. (*See* Dkt. No. 22, at 3–4). These arguments also fail. First, with respect to the sufficiency of the ALJ's explanation regarding inconsistencies between Dr. Touchstone's opinion and the clinical findings, the ALJ explained that "Dr. Touchstone consistently found [Plaintiff's] attention, concentration, and memory skills to be intact." (R. 657). Such findings appear directly relevant in evaluating Dr. Touchstone's assessment that Plaintiff had a marked limitation "for maintaining attention and concentration for extended periods." (*See id.*). While it is possible that the ALJ could have made the connection between these two points clearer, the Court is not convinced that in failing to do so "the substance of the treating physician rule was" somehow "traversed." *Halloran*, 362 F.3d at 32. Second, the ALJ's determination that Dr. Touchstone's findings do not support his opinion is not "beyond the scope" of the ALJ's authority and does not constitute a "substitut[ion] [of the ALJ's] own expertise or view of the medical proof for the treating physician's opinion." (Dkt. No. 22, at 3 (quoting *Heuser v. Comm'r of Soc. Sec.*, 2022 WL 970746, at *8, 2022 U.S. Dist. LEXIS 60370,

---

[4] Additionally, the cases Plaintiff cites on this point, *Robinson v. Comm'r of Soc. Sec.* and *Colgan v. Kijakazi*, (*see* Dkt. No. 22, at 2–3), do not stand for the proposition that a treating physician's opinion may only be discounted if another medical opinion contradicts it. Rather, the outcomes in both decisions are explained by the courts' findings that there did not exist substantial evidence in the record contrary to the treating physician's opinions. *See Robinson v. Comm'r of Soc. Sec.*, No. 21-cv-186, 2022 WL 761132, at *1–2, 2022 U.S. App. LEXIS 6435, at *1–5 (2d Cir. Mar. 14, 2022) (summary order); *Colgan v. Kijakazi*, 22 F.4th at 360–64.

at *21 (E.D.N.Y. Mar. 31, 2022))). Indeed, the court in *Monroe v. Comm'r of Soc. Sec.* explicitly rejected such an argument, explaining that "[t]he ALJ did not impermissibly 'substitute [her] own expertise or view of the medical proof for the treating physician's opinion.' Rather, the ALJ rejected [the treating physician's] opinion because she found it was contrary to his own treatment notes." 676 Fed. App'x at 8 (quoting *Greek v. Colvin*, 802 F.3d 370, 376 (2d Cir. 2015)).

Accordingly, the Court adopts the Report-Recommendation to the extent it concludes that the ALJ properly applied the treating physician rule and modifies the Report-Recommendation as to its reasoning.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation, (Dkt. No. 21), is **ADOPTED as modified**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings, (Dkt. No. 15), is **DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings, (Dkt. No. 19), is **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint, (Dkt. No. 1), is **DISMISSED**.

**IT IS SO ORDERED.**

Dated:  February 3, 2025
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge